UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert Clinkenbeard,

    Petitioner,

v.

S. Kallis,

    Respondent.

Case No. 21-CV-2745 (WMW/LIB)

**REPORT AND RECOMMENDATION**

Petitioner Robert Clinkenbeard has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 attacking the legality of disciplinary proceedings conducted by the Federal Bureau of Prisons while he was detained at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). See Dkt. No. 1. Petitioner, however, was no longer detained at FMC-Rochester by the time he filed his habeas petition, because he had been transferred to the Federal Correctional Institution in Terre Haute, Indiana ("FCI-Terre Haute").

The Court lacks authority to grant Petitioner the relief that he seeks. The Respondent named to this action — the warden of FMC-Rochester — is not an appropriate opposing party to this action, as that Respondent can no longer be ordered to effect the relief sought by Petitioner. See, Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004) (explaining the immediate-custodian rule). Instead, the appropriate respondent to this action is "the person who has custody over [Petitioner]" today — that is, the warden of FCI-Terre Haute. See, 28 U.S.C. § 2242; Padilla, 542 U.S. at 434. And because Petitioner must seek habeas relief from his current custodian, he may seek habeas relief only in the judicial district where that custodian is located. See, e.g., United States v. Monteer, 556 F.2d 880, 881 (8th Cir. 1977) (per curiam) ("Habeas corpus jurisdiction lies only

1

when petitioner's custodian is within the jurisdiction of the district court."). Put another way, Petitioner should have brought this matter in the district in which he is detained, not the district in which he was detained. See, Wyatt v. United States, 574 F.3d 455, 460 (7th Cir. 2009) (noting that "the proper venue for filing a § 2241 petition is the district in which the prisoner is confined"); 28 U.S.C. § 2241(a).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This Court finds that transfer of the petition rather than dismissal would better serve the interest of justice. Accordingly, this Court recommends that this action be transferred to the United States District Court for the Southern District of Indiana (the judicial district in which FCI-Terre Haute is located) for further consideration by that court.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this action be TRANSFERRED to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1406(a).

Dated: December 30, 2021             s/Leo I. Brisbois
                                     Hon. Leo I. Brisbois
                                     United States Magistrate Judge

**NOTICE**

**Filing Objections**: This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).